IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**KEVIN G. HUNT,**

   **Petitioner,**

v.             **Case No. 1:18-cv-01371**

**BARBARA RICKARD,**
**Warden,**
   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Kevin G. Hunt ("Hunt") and Respondent's Response to the Petition in which the Respondent seeks dismissal of the petition. (ECF Nos. 1, 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Hunt clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

## I. Factual and Procedural History in the Eleventh Circuit

On June 27, 1996, Hunt was found guilty by a jury sitting in the United States District Court for the Southern District of Florida ("Sentencing Court") of one count of

conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; one count of armed bank robbery in violation of 18 U.S.C. § 2113(d); and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *See United States v. Hunt,* Case No. 2:96-cr-14005-KMM (S.D. Fla. June 27, 1996) (hereinafter "*Hunt I*"), ECF Nos. 66, 67, 111. On April 9, 1997, Hunt was sentenced to a term of imprisonment of 60 months on the first count, 300 months on the second count, and 60 months on the third count. *Id.,* ECF No. 111 at 2. The sentences on the first and second counts were to run concurrently, while the sentence on the third count was to run consecutively to the other two sentences. *Id.* Hunt appealed his conviction and sentence, but they were affirmed by the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") on January 21, 1999. *Id.*, ECF No. 123.

On January 20, 2000, Hunt filed his first Motion Under 28 U.S.C. § 2255 in the Sentencing Court. *See United States v. Hunt,* Case No. 2:96-cr-14005-KMM, Case No. 00-14031-CIV-Moore (S.D. Fla. January 27, 2000) (hereinafter "*Hunt II*"), ECF No. 124. In the motion, Hunt argued that he had received ineffective assistance of counsel. He did not explicitly challenge the calculation of his sentence. *Id.* On January 14, 2002, the Sentencing Court denied Hunt's § 2255 motion. *Id.,* ECF No. 128.

More than four years later, on October 19, 2006, Hunt filed an Extraordinary Rule 60(b) Motion and Petition for a Writ of Error Coram Nobis in the Sentencing Court. *Hunt I*, ECF No. 132. Hunt argued that the Sentencing Court improperly denied him a full and fair hearing on his § 2255 motion. *Id.* He asked that the order denying his motion be set aside and that he be given a "rightful opportunity to have his actual Section 2255 issues fairly and fully heard and determined." *Id.*, ECF No. 132 at 7. Hunt amended his pending Rule 60(b) motion approximately eight and half years later, on

2

March 23, 2015, asserting that "a term of 30 years of imprisonment for his involvement in a single armed bank robbery [was] excessive." *Hunt I,* ECF No. 133 at 2. He argued that his conviction on Count Three—using a firearm in the commission of a violent crime—was duplicative of the armed bank robbery charge, resulting in an impermissible excessive or stacked sentence. *Hunt I*, ECF No. 133. On May 8, 2015, the Sentencing Court construed the Rule 60(b) motion as a Motion for Reduction of Sentence Under § 3582 and ordered briefing on the issues. *Id.*, ECF No. 136.

While that motion was pending, Hunt filed in the Sentencing Court a Motion to Reduce Sentence under United States Sentencing Guidelines ("USSG") Amendment 782. *Id.*, ECF No. 139. On November 17, 2015, the Sentencing Court denied both the construed § 3582 motion and the subsequent motion requesting a sentence reduction under USSG Amendment 782, explaining as follows:

> THIS CAUSE came before the Court upon Defendant Kevin G. Hunt's Rule 60(b) Motion and Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The Government responded. No reply has been filed and the time in which to do so has elapsed. Since the Court previously entered an Order construing Defendant's Rule 60(b) Motion as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582, only the legal arguments related to Defendant's § 3582 claims will be addressed. On March 28, 1996, Defendant was charged along with two co-defendants in a superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count 1), armed bank robbery in violation of 18 U.S.C. § 2113(d) (Count 2), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3). Defendant was convicted by jury verdict of all counts. The presentence investigation report ("PSI") grouped Counts 1 and 2 to assign Defendant a base offense level of 20. The offense level was increased to 24 overall because there was a loss of more than $50,000 (2 level increase) and for taking the property of a financial institution (2 level increase). However, the Defendant had a total of twelve (12) criminal history points and was classified as a career offender, pursuant to § 4B1.1(a). Consequently, the offense level was 34. With a criminal history category of VI, Defendant's guideline range was 262-327 months plus a mandatory sixty (60) months consecutive as to Count 3. On March 17, 1997, Defendant was sentenced to sixty (60) months of imprisonment as to Count 1, 300 months as to

Count 2, and sixty (60) months consecutive as to Count 3. In both Motions, Defendant, proceeding pro se, argues that his sentence as to Count 3 is an impermissible excessive or stacked sentence. Specifically, Defendant asserts that his sentences for armed bank robbery in violation of 18 U.S.C. § 2113(d) and use of a firearm in violation of 18 U.S.C. § 924(c) result in duplicative punishment. Accordingly, Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 599 and 782 to the Sentencing Guidelines. The Government responds that neither Amendment 599 nor Amendment 782 is applicable. Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, 18 U.S.C. § 3582(c)(2) provides an exception to the rule for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Dillon v. United States, 560 U.S. 817, 819 (2010). Further, a reduction is allowed only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. at 825 (quoting 18 U.S.C. § 3582(c)). The statutory provision and the Commission's corresponding policy statement "make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012). Here, Defendant was sentenced pursuant to Section 2B3.1 of the Guidelines which was not modified by Amendment 782. Instead, Amendment 782 modified Section 2D1.1(c)'s Drug Quantity Table, which provides the base offense levels for different quantities of various controlled substances. The Drug Quantity Table was not used to determine Defendant's guidelines range. Accordingly, Defendant's total offense level and sentencing range remain unchanged by Amendment 782. Defendant's argument for reduction pursuant to Amendment 599 also must fail. Amendment 599, made retroactive by the Sentencing Commission, modified the commentary to the Sentencing Guidelines Section 2K2.4 which governs sentencing for § 924(c) offenses. "Amendment 599 provides that, where a defendant is convicted of an 18 U.S.C. § 924(c) crime for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base-offense-level enhancement in the underlying offense for his use of a firearm during the commission of that offense." United States v. Garcon, 580 F. App'x 767, 769 (11th Cir. 2014) cert. denied, 135 S. Ct. 1188 (2015) (citation omitted). In short, Amendment 599 prevents double counting for firearms use in any one criminal event. United States v. Pringle, 350 F.3d 1172, 1180 (11th Cir. 2003). Here, Defendant was convicted of multiple counts and did not receive any sentencing guidelines weapons enhancement. Accordingly, Amendment 599 is inapplicable. Therefore, upon consideration of the Motions, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant

Kevin G. Hunt's Motions are DENIED.

*Hunt I,* ECF No. 141 (citations to the record omitted). Less than one month after receiving this Order, Hunt filed a second Motion to Reduce Sentence under USSG Amendment 599. *Id.*, ECF No. 142. The Sentencing Court denied the motion on the following day, relying on its prior explanation of Hunt's sentence. *Hunt I*, ECF No. 143. Hunt filed a "Clarification" regarding his motion to reduce sentence and a Motion for Reconsideration, which were later denied. *Id.*, ECF Nos. 144, 146, 157. The Sentencing Court explained that Amendment 599 did not apply in Hunt's case, because his sentence on the armed bank robbery conviction was based on the career offender guidelines, not on a weapons enhancement. The career offender guidelines were not affected by Amendment 599; therefore, Hunt's motion was unavailing. *Id.,* ECF No. 157.

On February 1, 2016, Hunt appealed the Sentencing Court's denial of his motions. *See United States v. Hunt,* Case No. 16-10436, 660 F. App'x 815 (11th Cir. Aug 31, 2016) ("*Hunt III*"). Hunt again argued that under USSG Amendment 599, he was "impermissibly subject to a five-year increase in his sentence because he received a five-year enhancement to his maximum term of imprisonment for bank robbery for using a firearm and he received a five-year consecutive sentence under 18 U.S.C. § 924(c), for the same firearm conduct." *Id.* at 817-18. Hunt also complained that "his career offender guideline level was determined, in part, by the statutory maximum for armed robbery," and he should not have been sentenced above the maximum sentence for that offense. *Id.* at 818. On August 31, 2016, the Eleventh Circuit rejected Hunt's appeal, emphasizing that he was sentenced as a career offender and did not receive a guidelines enhancement that was impacted by USSG Amendment 599. *Id.* at 818-19.

While Hunt's appeal on Amendment 599 was pending, he filed: (1) an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the Eleventh Circuit, *see In Re Kevin G. Hunt,* No. 16-11509-G (11th Cir. Apr. 5, 2016) ("*Hunt IV*"), based upon the decision of the Supreme Court of the United States ("Supreme Court") in *Johnson v. United States,* 135 S. Ct. 2551 (2015); and (2) a Motion to Apply *Johnson v. United States,* 135 S. Ct. 2551 (2015) in the Sentencing Court. *See Hunt I,* ECF No. 158. On May 2, 2016, the Eleventh Circuit issued an opinion and order denying Hunt's application for leave to file a successive § 2255 motion. *See Hunt IV,* Order at 1-7. In its opinion, the Eleventh Circuit reviewed the history of Hunt's conviction and sentence, noting that Hunt's presentence report included the following unchallenged "prior state residential burglary convictions: (1) a conviction for a May 12, 1982 residential burglary in Illinois ... (2) convictions for two January 23, 1987 residential burglaries in Nebraska ... and (3) a conviction for a February 10, 1987 residential burglary in Nebraska." *Id.* at 2. Hunt also had two additional convictions for theft of stolen property and one conviction for stealing. *Id.* The Eleventh Circuit indicated that Hunt was designated a career offender under USSG § 4B1.1, which increased his offense level from 24 to 34 and his criminal history category from V to VI, resulting in a guidelines range of 262-327 months' imprisonment. On top of that sentence range, Hunt was mandated to receive a 60-month term of imprisonment, to run consecutively, on the § 924(c) conviction. Therefore, Hunt received a total sentence of 360 months.

The Eleventh Circuit further noted that Hunt had previously filed a § 2255 motion, but did not challenge his sentence under the USSG. He now applied for authorization to file a second § 2255 motion based upon *Johnson v. United States*. In

the application, Hunt argued that the Sentencing Court used two prior Nebraska convictions for burglary to categorize him as a career offender, although the Nebraska burglary statute criminalized behavior that was broader than the generic definition of burglary. In light of *Johnson,* Hunt contended, his burglary convictions were not violent offenses and should not count as predicate offenses for application of the career offender enhancement.

After discussing the holding in *Johnson*, the Eleventh Circuit rejected Hunt's application for three reasons. *Hunt IV,* Order at 4-6. First, the Eleventh Circuit found that *Johnson* did not apply to Hunt's case, because *Johnson* involved a sentencing provision of the Armed Career Criminal Act ("ACCA"), while Hunt was sentenced as a career offender under USSG § 4B1.1. Second, Hunt's residential burglary convictions qualified as predicate offenses within the meaning of USSG's enumerated-offense clause in § 4B1.2(a)(2), and even if they did not qualify under that clause, they still qualified as crimes of violence under USSG's residual clause, which was not affected by *Johnson*. Third, the Eleventh Circuit referred Hunt to its decision in *United States v. Matchett*, 802 F.3d 1185, 1195-95 (11th Cir. 2015), in which the Court concluded that the vagueness doctrine did not apply to the USSG. *Id.* Shortly after the Eleventh Circuit's opinion was issued, the Sentencing Court denied Hunt's Motion to Apply *Johnson v. United States,* 135 S. Ct. 2551 (2015) on the ground that it was a successive § 2255 motion for which Hunt had failed to receive filing authorization from the Eleventh Circuit. *Hunt I*, ECF No. 161.

A few weeks later, on June 13, 2016, Hunt filed another application with the Eleventh Circuit for authorization to file a second or successive § 2255 motion. *Id.*, ECF No. 162.; *see also In Re Kevin Hunt,* No. 16-13555-J (11th Cir. Jul. 13, 2016) ("*Hunt*

*V*"). In this application, Hunt challenged his sentence under 18 U.S.C. § 924(c), as well as the career offender enhancement to his sentences on the conspiracy and armed robbery counts, again relying on *Johnson*. The Eleventh Circuit rejected the application, explaining that Hunt's armed robbery conviction satisfied the elements clause of § 924(c)(3), which was a clause not impacted by *Johnson*. *See Hunt V,* Order at 2. Furthermore, the Eleventh Circuit referenced its recent decision in *In re Griffin,* No. 16-12012 (11th Cir. May 25, 2016), which held that *Johnson* did not invalidate the USSG career offender guidelines, even in cases where the petitioner was sentenced when the guidelines were mandatory. *See Hunt V,* Order at 3.

On December 27, 2016, Hunt filed an emergency application for leave to file a second or successive § 2255 motion with the Eleventh Circuit. *See In Re Kevin Hunt,* No. 16-17712 (11th Cir. Dec. 27, 2016) ("*Hunt VI*"). Hunt again argued that the Nebraska burglary convictions used to enhance his sentence were not "crimes of violence," because (1) the underlying statute included criminal activity that was broader than the generic definition of burglary and (2) it did not include the use, attempted use, or threatened use of force as an element. According to Hunt, as his burglary convictions did not fall within the enumerated-offense clause or the force clause of the career offender guidelines, they could only be considered as crimes of violence under the guidelines' residual clause. Hunt asserted that "an intervening new rule of law" was established in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which declared the residual clause to be unconstitutionally vague. *Id.* On January 19, 2017, the Eleventh Circuit denied Hunt's application, explaining that *Mathis* applied only to the definition of "violent felony" in the ACCA and did not address the USSG's "definition of 'crime of violence,' nor did it announce a new rule of constitutional law

8

made retroactive to cases on collateral review by the Supreme Court." *Hunt VI,* Order at 2. Instead, "the *Mathis* court addressed a question of statutory interpretation and ultimately determined that Iowa's burglary statute was not a 'violent felony' for purposes of the ACCA." *Id.*

Hunt filed his fourth Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with the Eleventh Circuit on March 31, 2017. *See In Re Kevin Hunt,* No. 17-11425 (11th Cir. Mar. 31 2017) ("*Hunt VII*"). In this application, Hunt argued that the Supreme Court's decision in *Beckles v. United States,* 137 S. Ct. 886 (2017), abrogated the Eleventh Circuit's decision in *In Re Griffin.* Hunt asserted that his sentence, imposed when the USSG was mandatory, violated his right to due process, because the Sentencing Court relied upon his prior Nebraska burglary convictions in determining that he was a career offender. According to Hunt, in *Beckles,* the Supreme Court only found that the residual clause of the career offender guidelines was constitutional, because Beckles was sentenced when the guidelines were advisory. Hunt pointed to *dicta* in *Beckles* as support for his proposition that the residual clause of the career offender guidelines was unconstitutional when the defendant—like Hunt—was sentenced while the guidelines were mandatory.

On April 21, 2017, the Eleventh Circuit issued its opinion denying Hunt's application. *Hunt VII,* Order. The Eleventh Circuit noted that Hunt was designated as a career offender, in part, due to prior convictions for burglary in Nebraska, which he asserted had qualified as predicate offenses under the residual clause of the mandatory career offender guidelines. The Eleventh Circuit rejected Hunt's contention, however, that *Beckles* rendered the residual clause of the mandatory guidelines unconstitutional,

indicating that *Beckles* resolved only the constitutionality of the advisory guidelines. The Eleventh Circuit added that *Beckles* did not announce a new rule of constitutional law and, therefore, did not satisfy the statutory criteria for a second or successive § 2255 motion. *Id.* at 3.

Hunt's fifth application to the Eleventh Circuit was filed on May 30, 2017. *See In Re Kevin Hunt,* No. 17-12463-A (11th Cir. May 30, 2017) ("*Hunt VIII*"). In *Hunt VIII,* Hunt argued that the Sentencing Court "should not have been required to sentence him to 292-327 months for the bank robbery offense" and should have been permitted to sentence him to as little as one year for that conviction. Hunt additionally asserted that his sixty-month sentence under § 924(c) and his sixty-month enhancement for using a firearm in the bank robbery were duplicative; thus, violating the double jeopardy rule. He claimed that a new rule of law was established in *Dean v. United States,* 137 S. Ct. 1170 (2017), which undermined the constitutionality of his sentence, and that rule applied retroactively to cases on collateral review. *Hunt VIII.*

On June 29, 2017, the Eleventh Circuit denied Hunt's application for leave to file a second or successive § 2255 motion. *Id., Order.* The Eleventh Circuit explained that, in *Dean*, the Supreme Court held that nothing in the "statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime restricts authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for the predicate count of the conviction." *Id.* at 2-3. The Court concluded that *Dean* did not establish a new rule of constitutional law made retroactive to cases on collateral review.

Finally, on July 22, 2019, Hunt filed his sixth Application for Leave to File a

Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with the Eleventh Circuit. *See In Re Kevin Hunt,* No. 19-12755-K (11th Cir. Jul. 22, 2019) ("*Hunt IX*"). Hunt challenged only his conviction and sentence under § 924(c), arguing that the conviction and sentence were invalid as the Sentencing Court relied on the residual clause of § 924(c) when instructing the jury. Hunt pointed out that the residual clause of § 924(c) had recently been declared unconstitutionally vague by the Supreme Court in *United States v. Davis,* 139 S. Ct. 2319 (2019). Accordingly, his conviction and sentence were void.

On August 5, 2019, the Eleventh Circuit denied Hunt's application. *Hunt IX,* Order. The Eleventh Circuit noted that Hunt had raised similar claims in at least three prior applications, although he asserted that his current application was based on a new rule of law. *Hunt IX,* Order at 2, n.1. The Eleventh Circuit acknowledged that the Supreme Court in *Davis* extended prior holdings regarding the vagueness of similar statutory clauses to § 924(c)(3)(B)'s residual clause. The Eleventh Circuit further noted its recent decision in *In Re Hammond,* No. 19-12458 (11th Cir. Jul. 23, 2019), which held that *Davis* was a new rule of constitutional law that applied retroactively and could be asserted in a new application as it was " a new constitutional rule in its own right" separate and apart from, although based on, prior Supreme Court cases. However, the Eleventh Circuit concluded that Hunt could not benefit from the *Davis* decision, because the companion offense of armed bank robbery qualified as a crime of violence under § 924(c)'s elements clause, which remained valid notwithstanding the *Davis* decision. As such, *Davis* had no bearing on Hunt's conviction and sentence under § 924(c).

## II.    <u>Procedural History in the Fourth Circuit</u>

Between his fifth and sixth applications for leave to file a second or successive § 2255 motion, Hunt filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. At the time of his petition, Hunt was incarcerated in Federal Correctional Institution ("FCI") McDowell in Welch, West Virginia.[1] Hunt argues in his petition that he was erroneously designated as a career offender under the mandatory sentencing guidelines based on two Nebraska burglary convictions and, since then, "the laws under which Hunt was sentenced have changed and have otherwise clarified that it is an error to deem such prior burglary convictions as crimes of violence." (ECF No. 1 at 12). Hunt requests immediate release from custody.

On October 24, 2018, the undersigned ordered the respondent to show cause why the relief requested by Hunt should not be granted. (ECF No. 5). Respondent filed a response to the show cause order on January 2, 2019, asserting that Hunt's petition was actually a § 2255 motion over which this Court lacked subject matter jurisdiction. (ECF No. 7). Respondent further contended that Hunt could not meet the requirements necessary to trigger the "savings clause," which would allow this Court to consider his § 2241 petition, and the petition should be dismissed rather than transferred, because it was without merit. (*Id.*).

Hunt filed a reply memorandum on January 28, 2019, arguing that the decision of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *Lester v. Flourney* established that Hunt could access the savings clause using the four-part test in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018). Hunt indicated that his

---

[1] According to a recent filing, Hunt is currently located at the Federal Transfer Center in Oklahoma City, Oklahoma. (ECF No. 20).

sentence was imposed when the sentencing guidelines were mandatory; accordingly, *Lester* allowed the constitutionality of his sentence to be examined under § 2241. (ECF No. 11). He claimed that new retroactive rules of statutory interpretation set forth in *Shepard v. United States,* 544 U.S. 13 (2005); *James v. United States,* 550 U.S. 192 (2007); *Descamps v. United States,* 570 U.S. 254 (2013); and *Mathis v. United States,* 136 S. Ct. 2243 (2016) made it clear that the Nebraska burglary convictions, used as predicate offenses for the application of the career offender guidelines, were not crimes of violence. (ECF No. 11). In Hunt's view, once those convictions were excluded, he was not properly classified as a career offender. (*Id.*). Hunt followed his reply memorandum with a request that the Court take judicial notice of *Chazen v. Marske,* a Seventh Circuit decision that purportedly holds that intervening changes in the law eliminated prior burglary convictions as crimes of violence under the career offender guidelines. (ECF No. 17).

## III.   <u>Discussion</u>

Despite the title he affixes to his petition, Hunt unequivocally challenges the validity of his sentence and not it's execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at *2 (S.D.W. Va. Sept. 30, 2019).

Nonetheless, Hunt argues that his petition is properly brought under § 2241,

because he qualifies for the "savings clause" exception to § 2255. The "savings clause"

is found in the last sentence of § 2255(e), as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has
> denied him relief, *unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally

allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because

an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d

at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions

of § 2255. *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, in the

context of a challenge to the validity of a sentence, the savings clause is available only

when the petitioner can establish that: (1) at the time of sentencing, settled law of the

circuit or the Supreme Court established the legality of his sentence; (2) subsequent to

his direct appeal and first § 2255 motion, the aforementioned settled substantive law

changed and was deemed to apply retroactively on collateral review; (3) he cannot

satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions;

and (4) due to the retroactive change, the sentence now presents an error sufficiently

grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429. The Fourth Circuit

held in *Wheeler* that the requirements of the savings clause were jurisdictional rather

than procedural; therefore, if they are not met, the court does not have jurisdiction to

entertain the § 2241 petition. *Id*. at 426. The petitioner bears the burden of establishing

that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause

requirements. *See Hood v. United States*, 13 F. App'x. 72 (4th Cir. 2001); *McGhee v.*

*Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Governing law

"In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Hunt was convicted in the Southern District of Florida, which sits within the Eleventh Circuit. As he was incarcerated in the Southern District of West Virginia at the time he filed his habeas petition, Hunt properly filed the petition in this Court. Therefore, the undersigned applies Fourth Circuit procedural law and Eleventh Circuit substantive law.

### 2. Hunt cannot meet the four prongs of *Wheeler;* as a result, he cannot use the savings clause to challenge his sentence

Hunt argues that, based on the recent Fourth Circuit decision in *Lester v. Flourney,* his pre-*Booker* sentence meets the four prongs of the *Wheeler* test*,* all of which must be satisfied in order to use the savings clause. To assess the merits of Hunt's argument, an examination of *Lester* is appropriate.

In *Lester*, the Fourth Circuit considered whether the petitioner's sentence as a career offender could be challenged under the savings clause. Petitioner, Stoney Lester, was convicted in 2004 of possession with intent to distribute crack cocaine and received a 22-year sentence. 909 F.3d at 709. The length of Lester's sentence was based upon the career offender guidelines of the USSG, which were mandatory at the time of

his sentencing. According to the career offender guidelines, Lester's sentence could be increased if he had two prior felony convictions for either controlled substance offenses or for crimes of violence. USSG § 4B1.1. The sentencing court found that Lester qualified as a career offender, in part, due to a 1990 Georgia conviction for walkaway escape. Without the career offender enhancement, Lester's sentence would have been 11 years shorter. *Id.* Lester unsuccessfully appealed his sentence to the Eleventh Circuit and subsequently filed a § 2255 motion, which was also unsuccessful given the prevailing law at the time that walkaway escape was a crime of violence.

During the following years, however, the law changed in two significant ways. *Id.* at 710. First, the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), a case that altered the mandatory nature of the USSG, rendering them advisory only. Second, the Supreme Court ruled that "the generic crime of failing to report to prison was not a crime of violence." *Id.* (citing *Chambers v. United States,* 555 U.S. 122, 127-28 (2009)). The *Chambers* decision led both the Fourth Circuit and the Eleventh Circuit to issue decisions holding that the offense of walkaway escape was not a crime of violence. *Id.*

By this time, Lester was incarcerated in Virginia, which sits in the Fourth Circuit. Consequently, he filed a petition for habeas relief under § 2241. The district court in Virginia rejected Lester's petition on the ground that it was a § 2255 motion and did not qualify for review under § 2241. Lester appealed the district court's decision, which ultimately led to the Fourth Circuit's review of Lester's case under *Wheeler*.

Applying the first three prongs of the *Wheeler* test, the Fourth Circuit found that Lester's sentence was legal at the time it was imposed; that after his appeal and first §

2255 motion, the substantive law changed such that walkaway escape was no longer a crime of violence under the career offender guidelines; and that Lester could not meet the gatekeeping provisions of § 2255, because the change in law was one of statutory interpretation, rather than constitutional law. *Id.* at 712. As to whether the new substantive law was retroactive in application, the Fourth Circuit concluded that "the government hasn't disputed that this new authority applies retroactively on collateral review." *Id.* Therefore, the only remaining issue in the case was whether Lester's alleged misclassification as a career offender met the fourth prong of *Wheeler* by constituting an "error sufficiently grave to be deemed a fundamental defect." *Id.* The Fourth Circuit ultimately concluded that such an error was sufficiently grave to proceed under § 2241 because the resulting, lengthy sentence was not discretionary, but was directed by the mandatory guidelines in place at the time. *Id.* at 714.

Hunt interprets *Lester* as a pronouncement by the Fourth Circuit that all purportedly defective sentences imposed pursuant to the pre-*Booker* USSG's career offender guidelines qualify for review under the savings clause. His interpretation is incorrect. *Lester* stands only for the principle that "a sentence is fundamentally defective when it exceeds the mandatory Guidelines range, that according to later retroactive precedent, should have applied"; thus, fulfilling the fourth prong of the *Wheeler* test. However, *Lester* does not open the door for Hunt's sentence to be reviewed via § 2241. While it could potentially assist Hunt in meeting the fourth prong of *Wheeler, Lester* has little impact on the other three prongs of the test. As explained in more detail below, notwithstanding *Lester,* Hunt's petition does not qualify for review by this Court given that he does not meet all of the prongs of the *Wheeler* test.

### a. **Prong One—at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence.**

Respondent argues that Hunt has not established the first prong of the test; particularly, given that he argued at the time of his sentencing in 1996 that his Nebraska burglary convictions were not crimes of violence under the career offender guidelines. (ECF No. 7 at 4). This Court applies the substantive law of the Supreme Court and the Eleventh Circuit to determine the legality of Hunt's sentence at its imposition. The Eleventh Circuit has answered this query. In *Hunt IV,* the Eleventh Circuit determined that the Sentencing Court properly applied the career offender enhancement under USSG § 4B1.1 when sentencing Hunt based on his prior Nebraska convictions for burglary of a dwelling, which qualified as "crimes of violence" within the enumerated-offense clause of USSG § 4B1.2(a)(2).[2] The Eleventh Circuit went on to say that Hunt's burglary convictions were also crimes of violence under the residual clause of USSG § 4B1.2(a)(2). Even though the Supreme Court had found the identical residual clause in the ACCA to be unconstitutionally vague in *Johnson v. United States, supra,* the Supreme Court had not extended that finding to the USSG. Moreover, the Eleventh Circuit had published an opinion concluding that the vagueness doctrine did not apply to the USSG, and the Circuit Court was bound to follow that holding unless and until it was overruled by either the Supreme Court or the Eleventh Circuit sitting

---

[2] The Sentencing Court arguably may have erred under *Taylor v. United States,* 495 U.S. 575 (1990) if it found the burglary convictions to fall within the enumerated-offense clause, because the relevant Nebraska statute appears to be indivisible and contains elements that are broader than the elements of generic burglary. Since *Taylor* was prevailing law at the time, Hunt could have challenged his sentence on appeal, but failed to do so. This point is not dispositive, however, given Hunt's repeated assertion that the Sentencing Court found the burglary convictions to be crimes of violence under the residual clause of the career offender guidelines. Moreover, the Eleventh Circuit determined that the offenses qualified as crimes of violence under both clauses.

*en banc. See Matchett,* 802 F.3d at 1193-95. Given this discussion of Hunt's sentence, the undersigned **FINDS** that Hunt has met the first prong of Wheeler.

> ### b. Prong two—subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review.

As Respondent points out, Hunt does not expound on his contention that settled substantive law in the Supreme Court or the Eleventh Circuit has changed and the new law is deemed to apply retroactively on collateral review. Once again, this Court looks to the substantive law of the Eleventh Circuit and the Supreme Court to analyze this prong.

In his reply memorandum, Hunt addresses the four prongs of *Wheeler.* With respect to the second prong, Hunt relies on *Booker, Shepard, James, Descamps,* and *Mathis.* However, his reliance on these cases is misplaced, because none of the cases changed substantive law such that Hunt's burglary convictions would no longer be counted as predicate offenses. As previously stated, in *Booker,* the Supreme Court held that the sentencing guidelines were no longer mandatory and were, instead, only advisory. While *Booker* was a new rule of constitutional law, it did not change the analysis of whether a prior conviction was a crime of violence under the career offender guidelines.

*Shepard, James, Descamps,* and *Mathis* all address sentence enhancements for career criminals; however, the cases apply only to statutes and do not alter the USSG's career offender guidelines, as they are not statutory in nature. In *Shepard*, the Supreme Court discussed the method by which a sentencing court should evaluate a prior criminal conviction to determine if it qualified as a predicate offense under the ACCA. To begin, the Supreme Court reviewed its holding in *Taylor v. United States,*

reiterating that the sentencing court was required to compare the elements of a prior burglary conviction with the elements of generic burglary to determine whether the prior conviction was for a crime with elements that were the same or narrower than the elements of generic burglary. *Shepard,* 544 U.S. 13, 16-17 (2005). The Supreme Court labeled this analytical approach as "categorical." *Id.* at 17. Only a conviction for "generic burglary"—meaning, among other things, that it was committed in a building or enclosed space—was a violent crime under the ACCA. Furthermore, the Supreme Court noted that sentencing courts were instructed in *Taylor* that they could look to statutory elements, charging documents, and jury instructions to determine whether a prior burglary conviction fell within the parameters of generic burglary when the statute of conviction contained alternative elements, making it unclear which alternative was the basis of the defendant's conviction. *Shepard,* 544 U.S. at 15-16. This adjusted analytical approach was aptly called the "modified categorical" approach.

In *Shepard,* the Supreme Court specifically addressed whether documents in addition to charging documents and jury instructions could be examined to determine whether an earlier guilty plea supported a conviction for generic burglary. *Id.* at 16. The Supreme Court acknowledged that the language and circumstances of a guilty plea could be used to establish an ACCA predicate offense. *Id.* at 19. However, the Court rejected the Government's argument that documents such as police reports and complaint applications could also be considered in analyzing a prior conviction, indicating that legal precedent required adherence to the standard that "any sentence under the ACCA rests on a showing that the prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary." *Id.* at 24. The *Shepard* court did not consider the USSG's career offender guidelines or provide any

change in law relevant to Hunt's sentence.

Two years after the decision in *Shepard*, the Supreme Court considered whether convictions for *attempted* burglary could qualify as predicate offenses under the ACCA. *James,* 550 U.S. 192 (2007). Using the categorical approach, the Supreme Court examined whether a Florida statute criminalizing attempted burglary described an offense that "involves conduct that presents a serious potential risk of physical injury to another" under the ACCA's residual clause. *Id.* at 202-03. After conducting a somewhat tortuous analysis in *James,* the Supreme Court determined that Florida's attempted burglary statute did fall within the residual clause of the ACCA's definition of violent crime. However, the *James* decision did not address the USSG's career offender provisions, and *James* was overruled in 2015 when the Supreme Court found the ACCA's residual clause to be unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. Consequently, *James* does not provide a substantive change in the law that supports Hunt's use of the savings clause.

In *Descamps*, the Supreme Court both reiterated and clarified how courts should apply the modified categorical approach to determine whether a past conviction constituted a "violent felony" within the meaning of the ACCA. *Descamps,* 570 U.S. 254 (2013). The Supreme Court explained that when evaluating a prior conviction under the ACCA, the sentencing court should use the "categorical" approach, which consisted of the court comparing the elements of the statute forming the basis of the conviction to the elements of the "generic" crime. *Id.* at 257. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

The Supreme Court reiterated that, in a case in which the underlying statute was

"divisible"—meaning that the statute "sets out one or more elements of the offense in the alternative," the sentencing court examined the statute using a "modified categorical approach." *Id.* Under this approach, the court could refer to a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's conviction. Once the relevant alternative was identified, the court proceeded to compare the elements of the crime of conviction, considering the alternative element, with the elements of the generic crime.

In *Descamps,* the defendant argued that his prior California burglary could not count as a predicate offense under the categorical approach as it criminalized actions far beyond a normal generic burglary. The sentencing court disagreed, applying the modified categorical approach to determine if the facts of Descamps' offense met or were narrower than the element of a generic burglary. Examining the transcript of Descamps' plea colloquy, the court concluded that Descamps' prior conviction qualified as a generic burglary and was therefore a predicate crime of violence under the ACCA. *Id.* at 259. The sentencing court's decision was upheld on appeal.

To resolve a split among circuits, the Supreme Court granted certiorari. The Supreme Court relied heavily on its prior case law, beginning with *Taylor,* to reiterate that the limited function of the modified categorical approach was to "effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Id.* at 260. The specific question in *Descamps* was whether the sentencing court could consult the limited class of documents when analyzing a criminal statute that was "indivisible" and included elements broader than the relevant generic offense. *Id.* at 258. The argument in favor of this approach was that the court would be able to decide,

22

based upon the actual facts of the prior conviction, whether that offense qualified as an ACCA predicate offense despite the statute of conviction including elements that failed to satisfy the categorical approach. The Supreme Court held that courts could not apply the modified categorial approach when the defendant was convicted a crime with a single, indivisible set of elements, "[b]ecause that result would contravene our prior decision and the principles underlying them." *Id*. The Supreme Court emphasized that the modified categorical approach was not an exception to the categorical approach; instead, it was a "tool" that retained "the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id*. at 263. Clearly, *Descamps* did not change the law applicable to the USSG's career offender guidelines.

Finally, in *Mathis,* the Supreme Court again explained that to determine whether a prior conviction qualified as a predicate offense of burglary, arson, or extortion under the ACCA, the court applied a categorical approach. *Mathis* 136 S. Ct. 2243 (2018). The modified categorical approach was used only when the statute underlying the conviction was divisible and, then, the approach only differed in that the court could use a limited category of documents to determine which alternative elements of the divisible statute formed the basis of the conviction. Once the relevant elements were discerned, the court returned to the basic approach of comparing the elements of the offense of conviction to the elements of the applicable generic offense. *Id*. at 2248.

In *Mathis*, the defendant had five prior convictions for burglary under Iowa law when he was convicted of being a felon in possession of a firearm.  *Id*. at 2250. The parties agreed that Iowa's burglary statute covered more conduct than generic burglary in that generic burglary required unlawful entry into a building or other structure,

while Iowa's statute included entry into "a land, water, or air vehicle." *Id.* The sentencing court viewed the statute as divisible, applied the modified categorical approach, and found that Mathis's prior convictions qualified as predicate offenses under the ACCA. The Supreme Court disagreed, pointing out that the locational element was still just one element, regardless of the multiple means available to fulfill that element. *Id.* Consequently, the Supreme Court, again relying on *Taylor* and its progeny, reiterated that all that mattered in determining whether a particular crime was a predicate offense was whether the elements of the crime were the same as or narrower than the similar generic crime. Because the locational alternatives did not create alternative elements, Iowa's statute was categorically broader than generic burglary and could not result in predicate offenses under the ACCA. Thus, while *Mathis* fine-tuned the rules regarding when to apply the categorial and modified categorical analytical approach for evaluating the ACCA's enumerated offense of burglary, it did not impact the Sentencing Court's use of the residual clause in finding that Hunt's burglary convictions were crimes of violence under the career offender guidelines.

As previously noted, Hunt also asked the Court to consider the decision of the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") in *Chazen v. Marske,* 938 F.3d 851 (7th Cir. 2019). In *Chazen,* the petitioner sought to have his ACCA sentence enhancement set aside using § 2241. The Seventh Circuit reviewed Chazen's petition under its own version of the test set forth in *Wheeler* and applying its own precedent to the substantive issues. In particular, the Seventh Circuit had previously found that the Minnesota burglary statute underlying Chazen's predicate offenses was indivisible and broader than generic burglary. *Id.* at 859. As such, a conviction under that statute did not qualify as a predicate violent felony under the

ACCA. *Id.*

*Chazen* simply does not apply to Hunt's case. First, as the Eleventh Circuit pointed out, Hunt was not sentenced under the enumerated or force clauses of the ACCA. Instead, Hunt contends that his sentence enhancement was determined using the residual clause of the career offender guidelines. Second, Seventh Circuit law carries no precedential weight in this Circuit. Indeed, the Seventh Circuit's savings clause test is not the same as the *Wheeler* test, and the Fourth Circuit has explicitly held that the substantive law to be applied is the law of the sentencing circuit, or the Supreme Court. Neither the Eleventh Circuit, nor the Fourth Circuit for that matter, has found that the Nebraska burglary statute used by the Sentencing Court to find Hunt a career offender was excluded from the definition of "crime of violence" in the career offender guidelines.

As this review of the case law demonstrates, Hunt has not cited to a single case decided by the Eleventh Circuit or the Supreme Court that altered the accuracy of his sentence. In *Hunt V,* the Eleventh Circuit explained to Hunt that prevailing law in the circuit precluded his claim that USSG § 4B1.1 was unconstitutionally vague. *Hunt V,* Order at 2-3 (citing *In Re Griffin,* 823 F.3d 1350 (11th Cir. 2016). The Eleventh Circuit held in *In re Griffin* that "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *In Re Griffin,* 823 F.3d at 1354. *In Re Griffin* remains prevailing law in the Eleventh Circuit. *See, e.g., Robinson v. United States,* 773 F. App'x 520, 522 (11th Cir. 2019). Consequently, Hunt's claim that settled substantive law has changed since the imposition of his sentence is simply not correct.

25

Moreover, Hunt has not demonstrated that any of the cases upon which he relies applies to his particular sentencing situation, *see Hunt IV,* or that they are retroactive on collateral review in either the Fourth or the Eleventh Circuits. *See e.g., Walker v. Kassell*, 726 F. App'x. 191, 192 (4th Cir. 2018) (noting that *Mathis* "has not been held retroactively applicable on collateral review); *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (finding that *Descamps* did not announce a "retroactively applicable change in the law" as it merely "reiterated and clarified" the application of the modified categorical approach); *Summey v. Haynes*, No. CIV.A. 3:05-CV-109, 2007 WL 2005547, at *2 (N.D.W. Va. July 10, 2007), *aff'd,* 276 F. App'x 357 (4th Cir. 2008) ("Accordingly, the Court is of the opinion that *Shepard* is not retroactive to cases on collateral review."); *In Re Griffin,* 823 F.3d 1350, 1356 (11th Cir. 2016) (holding that *Descamps* did not announce of new rule of law, but clarified an "old" rule that could only be raised retroactively in a defendant's ***first*** § 2255 motion); *In re Hernandez,* 857 F.3d 1162, 1164 (11th Cir 2017) (holding that movants "cannot independently rely on *Descamps* (or *Mathis*) in a second or successive § 2255 motion," because they are not new rules of law and do not apply retroactively to successive challenges to a conviction or sentence.); *Garcia v. Atkinson,* No. 12-22080-CIV-LENARD/WHITE, 2013 WL 12139457, at *1 (S.D. Fla. Mar. 1, 2013) (finding that "Shepard is not retroactively applicable" and collecting cases).

These cases merely clarify law that had existed since *Taylor;* accordingly, they are old rules, rather than new rules of law. Courts in the Eleventh Circuit have limited the retroactive application of old rules of law to direct appeal and the first collateral review. *United States v. Goodman,* No. 8:12-CR-83-T-17MAP, 2018 WL 5266621, at *3 (M.D. Fla. Oct. 23, 2018); *Akins v. United States,* 16-22394-CIV-MORENO, 2017

WL 10443181, at *4 (S.D. Fla. Jun. 15, 2017) ("The Movant's argument, of course, assumes that *Descamps* and *Mathis* apply retroactively, which wholly ignores the distinction Congress made between a first § 2255 petition and a second or successive petition. *See generally* 28 U.S.C. §§ 2244(b) and 2255(h). *Descamps* and *Mathis* are not retroactive for the purposes of a second or successive § 2255 petition, because they are not new rules of constitutional law made retroactive by the Supreme Court.") (citing *In re Hires,* 825 F.3d 1297, 1303 (11th Cir. 2016). For the above-stated reasons, the undersigned **FINDS** that Hunt cannot satisfy the second prong of the *Wheeler* test.

### c. Prong 3—the movant cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions

The undersigned **FINDS** that Hunt meets this prong, because his § 2255 motion is both untimely and second or successive. Hunt has not obtained prior authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

### d. Prong 4—due to the retroactive change of law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Given that Hunt has not established a retroactive change in the substantive law, his sentence does not present an error sufficiently grave to be deemed a fundamental defect. Therefore, as Hunt fails to satisfy prongs 2 and 4 of the *Wheeler* test, the undersigned **FINDS** that this Court lacks jurisdiction over Hunt's habeas petition.

### B. The Petition as a § 2255 Motion

Inasmuch as Hunt's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Hunt's case, then he will be required to pursue his claim in the United States District Court for the Southern

District of Florida. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), Section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Hunt's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise. Hunt's apparent lack of authorization from the Eleventh Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eleventh Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-

filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). Similarly, the Eleventh Circuit allows transfers that are "in the interest of justice," but does not require the transfer of petitions that cannot present a viable second or successive motion. *See Guenther v. Holt,* 173 F. 3d 1328, 1330-31 (11th Cir. 1999).

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Hunt's claim, it appears that a transfer is not warranted because (1) Hunt does not

satisfy the requirements of 28 U.S.C. § 2255(h), *Phillips*, 173 F.3d at 610, and (2) the Eleventh Circuit has already considered and rejected Hunt's claims. *See Hunt III, Hunt IV, Hunt V, Hunt VI, Hunt VII, Hunt IX*. Therefore, the undersigned **FINDS** that transfer of Hunt's petition would not be in the interest of justice.

## IV.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Hunt's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  March 30, 2020

Cheryl A. Eifert
United States Magistrate Judge