IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KEVIN G. HUNT,

     Petitioner,

v.                                    CIVIL ACTION NO. 1:18-01371

BARBARA RICKARD, Warden,

     Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on March 30, 2020, in which she recommended that the court deny petitioner's § 2241 petition, grant respondent's request for dismissal, and dismiss this matter from the court's docket with prejudice.  (ECF No. 21.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On April 13, 2020, petitioner, acting *pro se*, filed a motion seeking an extension of time to file objections to the PF&R. On April 14, 2020, the court granted petitioner's motion and gave him until June 16, 2020, to file objections. Although petitioner's objections were not filed until June 19, 2020, they are postmarked June 12, 2020; therefore, the court will deem them timely filed.

## I.   **Factual Background**

The PF&R lays out the background to this case in depth. To summarize, after a jury found petitioner guilty of armed bank robbery and two related crimes, a district court in the Southern District of Florida sentenced him to 300 months on the armed bank robbery count and to 60-month sentences on each of the other two counts, one to run concurrently (use of a firearm) and the other to run consecutively. In doing so, the sentencing court designated petitioner a career offender under U.S.S.G. § 4B1.1 and found that, accordingly, his guidelines range was 262-327 months' imprisonment for the bank robbery offense. Petitioner was convicted in 1996 and sentenced in 1997. At the time, the sentencing guidelines were mandatory. Petitioner's conviction for use of a firearm mandated an additional 60 months' imprisonment. To date, petitioner has served approximately 300 months of his combined 360-month sentence.

After an unsuccessful direct appeal and initial motion

under 28 U.S.C. § 2255, and between his fifth and sixth applications for leave to file a successive motion under § 2255, petitioner filed this motion under § 2241.

## II.   Petitioner's Objections

Petitioner objects to the PF&R on the following grounds:

1. It inaccurately described which offenses the sentencing court found to be predicate offenses under U.S.S.G. § 4B1.1;

2. It inaccurately construed petitioner's claim;

3. It erroneously concluded that petitioner's claim does not satisfy the second prong of the Wheeler test; and

4. It erroneously concluded that petitioner does not satisfy the fourth prong of the Wheeler test.

## III.   Standard of Review of *Pro Se* Objections

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do

3

not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## IV.  Savings Clause Test

"[I]t is well established that defendants convicted in

4

federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc)).  There is, however, an exception under § 2255(e) known as the "savings clause."  See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019).  As the Fourth Circuit has explained, "The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255(e)."  United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018).

The Fourth Circuit's test for whether the savings clause applies to challenges to alleged sentencing errors derives from In re Jones, 226 F.3d 328, 334 (4th Cir. 2000).  In Wheeler, the Fourth Circuit expanded the Jones test to include challenges to "fundamental sentencing errors" (as opposed to only convictions) and set forth a slightly modified version of the test for such errors:  "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral

5

review; (3) the prisoner is unable to meet the gatekeeping
provisions of § 2255(h)(2) for second or successive motions; and
(4) due to this retroactive change, the sentence now presents an
error sufficiently grave to be deemed a fundamental defect."
Wheeler, 886 F.3d at 428-29.

Petitioner bears the burden of showing the inadequacy or
ineffectiveness of § 2255. See Hood v. United States, 13 F.
App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGhee v.
Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief
under § 2255 is barred procedurally or by the gatekeeping
requirements of § 2255 does not render the remedy of § 2255
inadequate or ineffective. See Jones, 226 F.3d at 332-33; Young
v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also
Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002)
("It is the inefficacy of the remedy, not the personal inability
to use it, that is determinative. Section 2255 is not inadequate
or ineffective merely because the sentencing court does not
grant relief, the one-year statute of limitations has expired,
or the petitioner is unable to meet the stringent gatekeeping
requirements of the amended § 2255.") (citations omitted). "The
remedy provided under Section 2255(e) opens only a narrow door
for a prisoner to challenge the validity of his conviction or
sentence under Section 2241." Hayes v. Ziegler, No. 5:11-CV-
00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014), aff'd,

6

573 F. App'x 268 (4th Cir. 2014).

## V.  Discussion

This § 2241 petition challenges the lawfulness of petitioner's 1997 sentence, and more specifically, his career-offender designation.  He says that the law has developed such that his Nebraska burglary convictions no longer qualify as "crimes of violence" under U.S.S.G. § 4B1.1 and that, accordingly, his pre-Booker guidelines range on the bank robbery count should have been much lower.  He contends that he is entitled to relief under 28 U.S.C. § 2241 in the form of immediate release from custody.

After a de novo review of the portions of the PF&R to which petitioner objects, the court agrees with the PF&R that this case must be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2255 and Wheeler.

### a. Objection 1

Petitioner appears to object that the PF&R somehow inaccurately represented which crimes the sentencing court found to be predicate offenses for the career offender enhancement under U.S.S.G. § 4B1.1.  Unlike his other objections, he does not cite to the page of the PF&R that has this purported error. It could be page 6.  There, the PF&R recounts that the Eleventh Circuit had previously noted that petitioner had three unchallenged residential burglaries in his presentence report:

7

one from Illinois and two from Nebraska.  Nowhere in the PF&R's
discussion section is there a reference to the Illinois
burglary.  This is simply something that the Eleventh Circuit
noted and that the PF&R related as part of its section titled,
"Factual and Procedural History in the Eleventh Circuit."  The
PF&R does not say that the Illinois burglary was a predicate
offense, nor does it analyze it as such.  The lack of
explanation from petitioner as to how the PF&R erred suggests
that there is no error.  At any rate, the court cannot discern
one.

Therefore, this objection is **OVERRULED**.

**b. Objection 2**

Petitioner next objects to the PF&R's "construal" of his
petition, citing pages 12-13.  These pages describe the
procedural history of this case and include the beginning of the
discussion section.  Regardless of the title of the objection,
the body simply argues that this case is analogous to Lester v.
Flournoy, 909 F.3d 708, 709 (4th Cir. 2018).

It is not.  First, unlike here, only the fourth prong of
Wheeler was in dispute in Lester because the government had
conceded the other prongs, so as the PF&R points out, that case
does not have much bearing on the other prongs.  Lester, 909
F.3d at 712 ("The only dispute, then, is whether this case meets
the fourth Wheeler requirement . . . .").  But even setting that

problem aside, Lester is still unavailing to petitioner.  The
predicate crime at issue in Lester was walkaway escape.  The
Fourth Circuit, in United States v. Clay, had held that walkaway
escape was not a crime of violence under any clause of U.S.S.G.
§ 4B1.1.  627 F.3d 959, 969 (4th Cir. 2010).  Likewise, the
Eleventh Circuit, in United States v. Lee, acknowledged that
this crime could qualify, if at all, only under the residual
clause of 18 U.S.C. § 924(e)(2)(B), and concluded that it did
not.  586 F.3d 859, 866-67, 874-75 (11th Cir. 2009).  Walkaway
escape, in other words, could never qualify as a crime of
violence.  Lester applied the government's concession in light
of these holdings.  909 F.3d 708, 712.[1]

Although Lee featured a New Jersey escape crime, while
Lester featured a Georgia escape crime, the holding of Lee
applied in Lester because in both cases, the question was
whether walkaway escape could ever amount to a crime of
violence.  The criminal activity either qualified or did not in
light of Begay v. United States, 553 U.S. 137 (2008) and

---

[1] At that time, it was not entirely clear which substantive law
applied to petitions under § 2241.  The Fourth Circuit had not
yet decided Hahn, which answered that choice of law question.
931 F.3d at 301 ("In evaluating substantive claims under the
savings clause, however, we look to the substantive law of the
circuit where a defendant was convicted.").  Thus, Lester
appropriately looked to the substantive law of both Fourth
Circuit and Eleventh Circuit.  Under Hahn, this court must look
to the substantive law of the Eleventh Circuit only.

Chambers v. United States, 555 U.S. 122 (2009).  Likewise, in
Clay, the court held "that the generic crime of walk-away escape
from an unsecured facility does not qualify as a crime of
violence."  627 F.3d at 969 (emphasis added).  The focus in
those cases was on interpreting the residual clauses (in the
ACCA and the sentencing guidelines) to cover or not cover a
generic crime.  Because those cases made it impermissible to
deem walkaway escape a crime of violence under any relevant
clause type (elements, enumerated offenses, or residual) they
completely disqualified Stoney Lester's predicate crime of
walkaway escape, thereby creating a change in settled law under
prong two of Wheeler.

     Here, by contrast, petitioner points to no Eleventh Circuit
or Supreme Court case that retroactively invalidates his
Nebraska burglaries as predicate crimes under all clauses of
§ 4B1.2 of the applicable sentencing guidelines.  The cases he
tries to advance to establish the impropriety of deeming
Nebraska burglary a crime of violence under the guidelines fall
short of doing so.  At most, those cases show that there has
been a non-retroactive change in how courts in the Eleventh
Circuit proceed under the enumerated offenses clause of § 4B1.2.
Such a showing does not suffice under Wheeler because it leaves
the residual clause untouched as an alternative path for
Nebraska burglary to be a predicate crime and because, under

10

_Wheeler_, changes in settled law must _apply retroactively on collateral review_.

Therefore, this objection is **OVERRULED**.

### c. Objection 3

The next objection has five parts.  Overall, petitioner objects to the PF&R's conclusion that his petition fails prong two of _Wheeler_.  In the first part, he argues that _Descamps_ and _Mathis_ satisfy prong two because, in light of those cases, the Fourth and Eleventh Circuits have held that certain burglary statutes can no longer undergird a crime of violence determination under the sentencing guidelines or a violent felony determination under the ACCA.  Further, he cites _United States v. Lockley_, 632 F.3d 1238, 1243 n.5 (11th Cir. 2011), to show that the analysis for whether a conviction constitutes a violent felony under the ACCA is the same as the analysis for whether a conviction constitutes a crime of violence under the guidelines.  He objects to the PF&R's "implication" that he must identify a case that specifically holds that a conviction for violation of the Nebraska burglary statute under which he was convicted can no longer constitute a crime of violence.  He points to _United States v. Esprit_, 841 F.3d 1235, 1239 (11th Cir. 2016), as one illustration for why, were he sentenced today, the evaluation of his Nebraska burglary conviction as a crime of violence under § 4B1.2 would be different.

In the second part, petitioner argues that the changes in the law upon which he relies are retroactive.

In the third part, he objects to the PF&R's "implication" that cases interpreting the ACCA enhancements do not apply to sentencing guidelines enhancements.[2]

In the fourth part, petitioner argues that, contrary to the PF&R's conclusion, Chazen v. Marske, 938 F.3d 851, 853 (7th Cir. 2019) applies to his case.  He also suggests that it may be appropriate to transfer his case.

In the fifth part, petitioner questions the PF&R's reliance on In re Griffin, 823 F.3d 1350, 1351 (11th Cir. 2016). Because, in his estimation, individual judges on the Fourth and Eleventh Circuits have expressed disagreement with its holding, "jurists of reason could disagree with the Magistrate's findings or conclude that the issues presented are adequate to deserve encouragement to proceed further."  (ECF No. 25, at 12.)[3]

## 1. Applicability of the Categorical Approach to the Sentencing Guidelines in the Eleventh Circuit (Parts 1 and 3)

As an initial matter, petitioner appears to be correct that

_____

[2] He appears to be objecting that the PF&R was wrong to conclude that "Shepard, James, Descamps, and Mathis all address sentence enhancements for career criminals; however, the cases apply only to statutes and do not alter the U.S.S.G.'s career offender guidelines, as they are not statutory in nature."  (ECF No. 21, at 19.)

[3] The court will address all five parts of this objection below, but it will not address them all seriatim.

the Eleventh Circuit has, broadly speaking, collapsed its
framework for analyzing "crimes of violence" under the
sentencing guidelines with its framework for analyzing "violent
felonies" under the ACCA.  United States v. Ramirez-Flores, 743
F.3d 816, 820 n.2 (11th Cir. 2014) ("Descamps involved a
sentencing enhancement pursuant to the Armed Career Criminal Act
("ACCA"), rather than, as relevant here, the Sentencing
Guidelines.  The Eleventh Circuit has routinely employed the
same analytical framework in both contexts.") see also Hollis v.
United States, 958 F.3d 1120, 1123 (11th Cir. 2020) ("We use the
categorical approach to determine whether a state conviction
qualifies as a predicate serious drug offense under the Act or
as a predicate controlled substance offense under the
Guidelines.  Under this approach, we consider only the fact of
the prior conviction and the elements of the offense, not the
particular facts of the defendant's crime.") (citation omitted);
United States v. Morales-Alonso, 878 F.3d 1311, 1314-15 (11th
Cir. 2018) ("Under the analytical framework set forth by the
Supreme Court in Taylor and relied upon by this Court in
Palomino Garcia, a conviction only constitutes a crime of
violence under the enumerated offenses clause of § 2L1.2 [of the
sentencing guidelines] if the elements of the statute of
conviction are the same as, or narrower than, the generic
version of the enumerated offense."); United States v. Garcia-

13

Martinez, 845 F.3d 1126, 1129–30 (11th Cir. 2017) (stating that
in determining whether a burglary conviction qualifies under the
enumerated offenses clause of § 2L1.2 of the guidelines, "we use
the framework the Supreme Court has set out for determining
whether a conviction under a state or federal statute counts as
a predicate offense for purposes of the Armed Career Criminal
Act (ACCA)."); United States v. Palomino Garcia, 606 F.3d 1317,
1328 (11th Cir. 2010) ("Although Taylor and Shepard were ACCA
cases, we have employed their 'categorical approach' in
determining whether a prior offense qualifies for an enhancement
under the Guidelines.").[4]

Full acceptance of the categorical approach in the
guidelines context has taken place gradually in the Eleventh
Circuit.  In a 1995 case, the Eleventh Circuit stated that
Taylor would often guide its analysis of issues under § 4B1.2

---

[4] Notably, however, the residual clause of the § 4B1.2 is still
valid in the Eleventh Circuit.  See In re Griffin, 823 F.3d
1350, 1354-56 (11th Cir. 2016) (holding that the residual clause
is not unconstitutionally vague); but see Cross v. United
States, 892 F.3d 288, 291 (7th Cir. 2018) (holding that "[u]nder
Johnson, the guidelines residual clause is unconstitutionally
vague insofar as it determined mandatory sentencing ranges for
pre-Booker defendants.").  The same is obviously not true of the
ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)).  Johnson v.
United States, 576 U.S. 591, 606 (2015) ("We hold that imposing
an increased sentence under the residual clause of the Armed
Career Criminal Act violates the Constitution's guarantee of due
process.").  The conclusions will not always be the same in both
contexts because in the guidelines context, even if the
predicate crime does not qualify under the enumerated offenses
clause, it will often qualify under the residual clause.

and that Taylor's concern regarding the "practical difficulties
of holding mini-trials on a defendant's prior conviction"
"applie[d] with equal force to decisions under §§ 4B1.1 and
4B1.2." United States v. Spell, 44 F.3d 936, 939 (11th Cir.
1995). Nevertheless, the court rejected the application of a
strict categorical approach in the guidelines context. Id.[5]  The
court stated that it is permissible to "look behind" convictions
in § 4B1.2 analyses "if ambiguities in the judgment make the
crime of violence determination impossible from the face of the
judgment itself"; even then, the "inquiry is limited to
examining easily produced and evaluated court documents,
including the judgment of conviction, charging papers, plea
agreement, presentence report adopted by the court, and the
findings of a sentencing judge."  Id.

A 2006 case noted that although Spell had rejected a strict
categorical approach, more recent authority had stated that,
"generally," the categorical applied to issues under U.S.S.G.
§ 2L1.2. United States v. Esquivel-Arellano, 208 F. App'x 758,
763 (11th Cir. 2006).  But there, the court adhered to the rule
that ambiguity in the judgment allows courts to "look to the

_____

[5] Taylor itself distanced its categorical approach from the
guidelines by noting, "Even if an enhancement is not available
under § 924(e), the Government may still present evidence of the
defendant's actual prior criminal conduct, to increase his
sentence . . . under the Federal Sentencing Guidelines."  495
U.S. at 602 n.10 (emphasis added).

facts underlying a prior conviction to determine whether it qualifies." See id. at 764.

Two years later, it appears that the Eleventh Circuit fully embraced a strict categorical approach, without the exception for ambiguity in the judgment:  "To determine whether a crime is a 'crime of violence' [under § 4B1.2] we use a categorical approach; we consider the offense as defined by the law, rather than considering the facts of the specific violation.  United States v. Archer, 531 F.3d 1347, 1350 (11th Cir. 2008).  Cases since then (listed above) have adhered to a strict categorical approach and have applied ACCA cases in the guidelines context. Petitioner relies on the Supreme Court cases of Shepard v. United States, 544 U.S. 13 (2005), James v. United States, 550 U.S. 192 (2007), Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), and on circuit court cases that he says implement them.  Petitioner is right that these cases do not necessarily fail him simply because they were decided in the ACCA context and not in the guidelines context.

### 2. Application of Those Authorities to This Case (Parts 1, 2, and 3)

Those authorities still fail him, however, for at least three reasons:  (1) he does not complain of the errors they identify; (2) they do not solve his residual clause problem; and

16

(3) they are not retroactive on collateral review.  First, he does not complain of any error that those cases identify. Shepard held that it is error for a sentencing court to look beyond the charging document, plea agreement, plea colloquy, or their comparable equivalent.  544 U.S. at 26.  James applied the categorical approach to its analysis under 18 U.S.C. § 924(e)(2)(B)(ii) (the residual clause of the ACCA's definition of a violent felony); in doing so, the Supreme Court concluded that a conviction under Florida's attempted burglary statute qualified as a predicate offense.  550 U.S. at 195.  Relying on Taylor, the Court noted that the residual clause is broader than the enumerated offenses clause in that it "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary."  Id. at 212.  Descamps held that it is an error to apply the modified categorical approach to statutes "that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." 570 U.S. at 260.  Mathis held that it is error to apply the modified categorical approach when a statute lists alternative means of satisfying a single, "indivisible" set of elements. 136 S. Ct. at 2248-49, 2253.  More broadly, the error under Mathis is "looking at the facts underlying [the] crime to conclude that [a defendant] committed it by a violent means." Chazen, 938 F.3d at 865.  Even reading his arguments liberally,

17

petitioner does not describe an error (with any reasonable specificity) under these cases.  Therefore, these cases do not help him.[6]

Instead, petitioner vaguely asserts that the law has changed such that his Nebraska burglary crimes no longer qualify as predicates.  Being specific would reveal that the cases he cites do not afford him relief under the savings clause.  Then-Judge Barrett clarified this point in her concurrence in a case upon which petitioner relies:

> To be clear, while Chazen's petition invokes Mathis v. United States as well as Van Cannon v. United States, Mathis is not the case that justifies granting him relief.  Van Cannon is the case that renders his burglary conviction insufficient to support the enhancement he received under the Armed Career Criminal Act.  He invokes Mathis to justify his failure to raise this issue in his first § 2255 motion.  Mathis itself does not offer him relief, because he does not complain that the sentencing court's decision to count his burglary conviction was the result of the error Mathis identifies—looking at the facts underlying his crime to conclude that he committed it by a violent means.  Chazen needs both Mathis and Van Cannon to succeed.

Chazen v. Marske, 938 F.3d 851, 865 (7th Cir. 2019) (Barrett, J., concurring) (citation omitted).  Chazen was an ACCA case, so the (unconstitutional) residual clause was not part of the analysis.  Van Cannon had determined that a conviction under the burglary statute under which Mr. Chazen was convicted did not

---

[6] Accordingly, neither do the cases that he says implement them, discussed further below.

"qualify as a predicate violent felony."  <u>Chazen</u>, 938 F.3d at
855.  Thus, it was not a matter of applying <u>Mathis</u> to disqualify
a burglary conviction as a predicate crime, as petitioner asks
the court to do here, but of acknowledging another case that had
already disqualified a conviction under the same burglary
statute.

The second reason that the cases petitioner relies on fail
him is that they do nothing to eliminate the application of
§ 4B1.2's residual clause.  Petitioner argues that the
sentencing court found that the Nebraska burglaries qualified
under the enumerated offenses clause.  But the Eleventh Circuit
previously found that the Nebraska burglaries qualified under
either clause, and petitioner does not argue here that they do
not qualify under the residual clause.

Under Eleventh Circuit law, even if petitioner could
establish that the path to qualifying his Nebraska burglaries as
predicate offenses is retroactively closed <u>under the enumerated
offenses clause</u>, the path to their qualification <u>under the
residual clause</u> would remain open.  <u>See</u> <u>Griffin</u>, 823 F.3d at
1354-56.  Until the Supreme Court or the Eleventh Circuit
declares the residual clause invalid in the guidelines context,
trying to prove that the Nebraska burglaries do not qualify
under the enumerated clause is an exercise in futility.

As part of this objection, petitioner relies on a Fourth

Circuit case and an Eleventh Circuit case to show changes in the
law under prong two of Wheeler.  These cases merely apply the
categorical approach to determine that convictions under certain
burglary statutes do not amount to conviction for generic
burglary.

First, petitioner cites Castendet-Lewis v. Sessions, where
the issue was "whether the offense of statutory burglary in
Virginia constitutes an aggravated felony for purposes of
immigration law."  855 F.3d 253, 260 (4th Cir. 2017).  Applying
the categorical approach, the court determined that it did not.
There was no residual clause analog at issue in that case.  Id.
at 264.  Moreover, Fourth Circuit substantive law does not apply
to this petition.

Next, petitioner cites United States v. Esprit, where the
issue was "whether a prior conviction for burglary under Florida
law may serve as a basis for an enhanced sentence under the
Armed Career Criminal Act."  841 F.3d 1235, 1236 (11th Cir.
2016).  Importantly, the court decided that case in 2016, after
the Supreme Court had struck down the ACCA's residual clause as
unconstitutional the previous year.  See Johnson, 576 U.S. at
606.  It was undisputed that the burglary offense did not
qualify under the elements clause, so if it were to qualify at
all, it would have to do so under the enumerated offenses
clause.  Esprit, 841 F.3d at 1237.  The court applied the

categorical approach and determined that it did not so qualify because the "burglary statute create[d] a single indivisible crime that include[d] non-generic burglary." Id. at 1241. Like Castendet-Lewis, Esprit is unavailing here because it does not deal with the problem of the residual clause.

The third reason that the cases upon which petitioner relies fail him is that they are not retroactive on collateral review, as prong two of Wheeler requires. The PF&R cites sufficient authority to show lack of retroactivity in either the Fourth Circuit or the Eleventh Circuit for the Supreme Court cases. Petitioner provides no authority showing otherwise. Without directly challenging the authorities that the PF&R cites, petitioner attacks the PF&R's conclusion in three ways.

First, petitioner notes that the Sixth and Seventh circuits have found Descamps and Mathis retroactive. Because the law of those circuits does not apply to this petition, this line of attack fails. See Hahn, 931 F.3d at 301 ("In evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a defendant was convicted.").

Second, petitioner claims that Descamps and Mathis "do not necessarily need to be deemed retroactive." (ECF No. 25, at 6.) He cites Miller v. United States, 735 F.3d 141, 142 (4th Cir. 2013) in support of this proposition. In Miller, the court

determined that the petitioner was entitled to relief under § 2255 because United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) was retroactively applicable.  Simmons was decided in the wake of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), which the Fourth Circuit had previously held not to be retroactive. See Miller, 735 F.3d 143-44.  The point in Miller that petitioner (presumably) tries to seize upon was that Simmons could be retroactive even if Carachuri-Rosendo was not.  Id. at 146-47.  The court explained that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment."  Id. at 147.

To the extent that petitioner argues that he need not identify a Supreme Court case that is retroactive, he is correct.  But to the extent he argues that he need not identify any applicable retroactive authority to use the savings clause, he is wrong.  Such an argument ignores prong two of Wheeler. Nothing in Miller creates an exception to Wheeler's requirement that the change in settled law be retroactive.  Therefore, this line of attack also fails.

Finally, petitioner simply argues that his authorities should be deemed retroactive.  In order to meet prong two of Wheeler, however, petitioner must show that the change in settled law "was deemed to apply retroactively on collateral

review." <u>Wheeler</u>, 886 F.3d at 429 (emphasis added).
Petitioner's burden was to <u>show</u> that the Supreme Court or
Eleventh Circuit had deemed his authorities retroactive, not to
convince this court to do so on behalf of those courts.  To the
extent petitioner is asking this court to deem authorities
retroactive, it cannot.  So this line of attack fails too.

### 3. Potential <u>Taylor</u> Error[7]

The PF&R states that there is "arguably" an error that is
better conceptualized as an error under <u>Taylor</u>,[8] a case upon
which petitioner does not attempt to rely, because the elements
of Nebraska burglary are arguably broader than the generic
offense.  (ECF No. 21, at 18 n.2); <u>see</u> <u>United States v.
Driscoll</u>, 892 F.3d 1127, 1137 (10th Cir. 2018) ("Because Neb.
Rev. Stat. § 28-507 includes land, it does not categorically fit
under the generic offense of burglary, which is limited to
buildings or structures.").  <u>Driscoll</u> was an ACCA case; thus,
unlike in the guidelines context, the alternative path to
qualification under the residual clause was closed.

As noted above, the Eleventh Circuit in <u>Spell</u> held (two
years before petitioner's sentencing) that <u>Taylor</u>'s categorical

---

[7] While petitioner does not expressly make a <u>Taylor</u> claim, he is
proceeding pro se, so the court will consider whether an
implicit <u>Taylor</u> claim would avail him.
[8] This is assuming (without deciding) that the sentencing court
utilized the enumerated offenses clause of § 4B1.2.

approach <u>did not apply</u> to the sentencing guidelines.  44 F.3d at 939.  Under <u>Spell</u>, it would have been permissible (even required) for the sentencing court to make a limited factual inquiry to determine whether petitioner had in fact committed generic burglary of a dwelling.  <u>Id.</u> at 939-40.  But <u>Spell</u> did not reject <u>Taylor</u>'s reasoning that burglary must be generic to support a career-offender sentencing enhancement.  <u>Id.</u>[9]  In <u>Spell</u>, the appeals court remanded the case because the district court erred in how it completed the factual inquiry to find that the burglary there in fact was <u>of a dwelling</u>.  <u>Id.</u>

Petitioner does not argue that the sentencing court considered the "burglary" label attached to petitioner's convictions sufficient (that burglary of a dwelling, however Nebraska may define it, was sufficient).  If the sentencing court did so, it likely committed <u>Taylor</u> error.  But such a <u>Taylor</u> error would fail prong one of the <u>Wheeler</u> savings clause test because it would mean that the enhancement was not legal under settled law when the sentencing court applied it.  At the time of petitioner's sentencing, settled law did not exclude from the sentencing context <u>Taylor</u>'s requirement that enumerated offenses be generic.[10]  It merely excluded <u>Taylor</u>'s categorical

---

[9] In contrast with the ACCA, the operative guidelines enumerated "burglary <u>of a dwelling</u>."
[10] In a 2010 Eleventh Circuit case, the court rejected the government's argument that, under § 2L1.2 of the sentencing

approach.

All of this is to say, even if there were an error under Taylor, it would not avail petitioner here.

### 4. **Chazen v. Marske** (Part 4)

As part of this objection, petitioner also says that the PF&R was wrong to conclude that Chazen does not apply to this case.  Chazen does not apply because it is a Seventh Circuit case, and neither the procedural nor substantive law of the Seventh Circuit applies to this case.  Petitioner counters this unavoidable conclusion by arguing that the case law from the Seventh Circuit helped inform the development of the Wheeler test and that the tests in both circuits require a retroactive change in law.  The procedural law of the Fourth Circuit applies and the substantive law of the sentencing circuit applies. Hahn, 931 F.3d at 301.  There is no exception for cases from circuits whose law purportedly helped inform the Wheeler test or for cases from circuits who have a similar savings clause test.

---

guidelines, "the label a state attaches to a prior conviction is dispositive of the 'crime of violence' inquiry."  Palomino Garcia, 606 F.3d at 1329.  But despite the government's argument, there does not appear to have been much of an open question on the matter.  The court concluded, "Therefore, consistent with our prior precedent and the conclusions of our sister circuits, we apply Taylor's reasoning and hold that the label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense under § 2L1.2."  Id. at 1330-31 (emphasis added.).  Thus, while this case put such arguments to rest, it certainly did not establish that the government's approach was "settled law."

Seventh Circuit procedural law does not apply, period.

The PF&R explained that <u>Chazen</u> also does not apply because petitioner argues that the sentencing court used the residual clause, which was not at issue in <u>Chazen</u>.  Petitioner disputes this characterization of his position, claiming that he was sentenced under the enumerated offenses clause and that he has not argued otherwise to the Eleventh Circuit.  Assuming *arguendo* that petitioner is correct, <u>Chazen</u> still would not help him even if it were an Eleventh Circuit case.  That is because it does nothing to eliminate the application of the residual clause, which, unlike in the ACCA context, remains valid in the sentencing guidelines context.  Moreover, unlike in <u>Chazen</u>, where the Seventh Circuit had declared the predicate crime at issue not a crime of violence, petitioner cites no Eleventh Circuit case holding that Nebraska burglary is not a crime of violence.

### 5. **Whether This Case Should Be Transferred (Part 4)**

In this objection, petitioner also states that his transfer is now pending to a facility within the boundaries of the Seventh Circuit.[11]  Accordingly, he suggests, "Maybe this case should be transferred to the Southern District of Illinois." (ECF No. 25, at 10.)  This case should not be transferred.  This

---

[11] That transfer is now complete.

court retains the jurisdiction that attached when petitioner
filed this case as a prisoner incarcerated within this district.
See Lennear v. Wilson, 937 F.3d 257, 263 n.1 (4th Cir. 2019);
see also Hubbard v. Zych, No. 7:15CV00002, 2019 WL 5853328, at
*3 (W.D. Va. Nov. 7, 2019) ("It is well established, however,
that because Hubbard was confined at USP Lee, within the
jurisdiction of this court, when he filed this § 2241 petitions,
this court 'retains jurisdiction' to address his claims."
(quoting Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004)).

Therefore, the court rejects petitioner's suggestion that
it should transfer this case.

### 6. In re Griffin (Part 5)

Petitioner also objects to what he characterizes as the
PF&R's heavy reliance on Griffin.  He says that jurists of
reason can (and have) disagreed with its holding that "[t]he
Guidelines—whether mandatory or advisory—cannot be
unconstitutionally vague because they do not establish the
illegality of any conduct and are designed to assist and limit
the discretion of the sentencing judge."  Griffin, 823 F.3d at
1354.  While there may be reasonable disagreement with Griffin's
holding, however, there can be no reasonable disagreement with
applying Eleventh Circuit law to this case.  In fact, the court
must apply the substantive law of the Eleventh Circuit, which
includes Griffin.

27

Therefore, this objection (all five parts of it) is **OVERRULED**.

### d. Objection 4

Finally, petitioner objects to the PF&R's finding that his petition fails prong four of <u>Wheeler</u>.  This conclusion, however, necessarily flows from the fact that petitioner has failed to show a change in settled law retroactively applicable on collateral review under prong two.  Had petitioner met all other prongs of the <u>Wheeler</u> test, his sentence would likely constitute an "error sufficiently grave to be deemed a fundamental defect." <u>Wheeler</u>, 886 F.3d at 429; <u>Lester</u>, 909 F.3d at 714-16.  But because he has not met the other prongs, he has not established a defect, let alone a fundamental one.

Therefore, this objection is **OVERRULED**.

## VI.  <u>Conclusion</u>

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and petitioner's objections. Because petitioner is unable to bear his burden and show that all four criteria for application of the savings clause (28 U.S.C. § 2255(e)) are met, petitioner's objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

1.   Petitioner's § 2241 petition is **DENIED**;

2.   Respondent's request for dismissal is **GRANTED**;

3.   This action is **DISMISSED** without prejudice for lack of jurisdiction;[12] and

4.   The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

---

[12] The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction.  See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021).

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 11th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge